**THE LAW OFFICES OF ROBERT T. PANOWICZ & ASSOCIATES**
William P. Cech, Esquire, Atty. ID# 310522
Robert T. Panowicz, Esquire, Atty. ID # 26246
8 West Market Street, Suite 1100, Wilkes-Barre, PA 18701
Attorneys for Defendants, Microtel Inn and Suites

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Elizabeth Bator,** | : | |
| | : | |
| | : | **This document has been** |
| **Plaintiff** | : | **electronically filed.** |
| | : | |
| | : | |
| **vs.** | : | **Case #** |
| | : | |
| **Microtel Inn & Suites by Wyndham,** | : | **Notice of Removal of Action** |
| **and Microtel Inn & Suites by** | : | **Pursuant to 28 U.S.C.A. Sec.** |
| **Keyser,** | : | **1441(b)** |
| **Defendants** | : | |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, Microtel Inn & Suites by

Wyndham and Microtel Inn & Suites by Keyser, hereby remove the state court

action described below.

1.     On or about October 17, 2019, an action was commenced by Plaintiff in the 11th Judicial District, Court of Common Pleas of Luzerne County, Pennsylvania, entitled *Bator v. Microtel Inn & Suites by Wyndham, et al.,* Case Number 2019-12671.

2.     Defendants were served with Complaints on October 17, 2019, by mail and received copies of Plaintiff's Complaint on October 21, 2019.  Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed.  A copy of the cover letter and Complaint served upon the Defendants in the state court action are attached hereto and referred to collectively as "EXHIBIT A."  The allegations by the Plaintiffs fully support diversity jurisdiction and are set forth in the Complaint.

3.     This action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it meets the diversity jurisdiction requirements, the parties having diversity of citizenship and it is the

Defendants' good faith belief that the Plaintiff is seeking damages in excess of $75,000.00[1]

4.    The only named Defendants in the present case are those listed in the above caption.  Both listed Defendants are represented by the undersigned.

WHEREFORE, Defendants, Microtel Inn & Suites by Wyndham and Microtel Inn & Suites by Keyser, pray that this action be removed to the United States District Court for the Middle District of Pennsylvania.

Dated: November 13, 2019                    By:    William P. Cech, Esquire /s/

William P. Cech, Esquire
Law Offices of Robert T. Panowicz
8 W. Market Street, Suite 1100
Wilkes-Barre, PA 18701
Phone: (570) 825-6631
Fax: (570) 829-2222
William.cech@panowiczlaw.com
Pa. Bar #310522

Attorney for Microtel Inn & Suites
by Wyndham and Microtel Inn &
Suites by Keyser

---

[1] The Complaint attached as EXHIBIT A alleges damages for multiple tears and a fracture to the leg, as well as past and future pecuniary damages and "extreme pain and suffering."  The State Court requirements are simply to allege damages in excess of $50,000.  It is anticipated that Plaintiff's Counsel will concur with the jurisdictional amount falling within the requirement under Federal Law.

**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
570.829.1111 phone
570.829.1112 fax

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| ELIZABETH BATOR | : | IN THE COURT OF COMMON |
| 295 Parsonage Street | : | PLEAS OF LUZERNE COUNTY |
| Hughestown, PA 18640, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION- LAW |
| | : | |
| vs. | : | |
| | : | |
| MICROTEL INN AND SUITES BY | : | |
| WYNDHAM | : | |
| 22 Sylvan Way | : | JURY TRIAL DEMANDED |
| Parsippany, NJ 07054, | : | |
| | : | |
| AND | : | |
| | : | |
| MICROTEL INN AND SUITES BY | : | |
| KEYSER | : | |
| 70 N Tornado Way | : | |
| Keyser, WV 26726, | : | |
| | : | |
| Defendants | : | NO.: 2019-12671 |

## CIVIL ACTION - NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT**

HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

North Penn Legal Services, Inc.
33 N. Main Street, Suite 200
Pittston, Pa 18640
(570) 299-4100
(877) 953-4250 Toll Free
(570) 824-0001 Fax

North Penn Legal Services, Inc.
101 West Broad Street, Suite 513
Hazelton, Pa 18201
(570) 455-9512
(877) 953-4250 Toll Free
(570) 455-3625 Fax

## AVISO

A USTED SE LE HA DEMANDASO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en la siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días despuès que reciba esta demanda y aviso, por presenter una notificación de comparecencia escrita personalmente o por un abogado y radicar pore s-crito en la Corte sus defensas u objeciones a las demandas presentadas en su contra.  Se le advierte que si falla en hacerlo, el caso podría sequir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante.  Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte
Oficina 200
Pittston, PA  18640
(570) 299-4100
(877) 953-4250 Llamada gratuita

Servicios Legales de North Penn, Inc.
101 la Calle Broad del Oeste
Oficina 513
Hazleton, PA  18201
(570) 455-9512
(877) 953-4250 Llamada gratuita

**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
570.829.1111 phone
570.829.1112 fax

*Attorneys for Plaintiff*

---

ELIZABETH BATOR
295 Parsonage Street
Hughestown, PA 18640,

     Plaintiff

vs.

MICROTEL INN AND SUITES BY
WYNDHAM
22 Sylvan Way
Parsippany, NJ 07054,

AND

MICROTEL INN AND SUITES BY
KEYSER
70 N Tornado Way
Keyser, WV 26726,

     Defendants

:   IN THE COURT OF COMMON
:   PLEAS OF LUZERNE COUNTY
:
:
:   CIVIL ACTION- LAW
:
:
:
:
:
:   JURY TRIAL DEMANDED
:
:
:
:
:
:
:
:
:
:
:
:   NO.: 2019-12671

---

## COMPLAINT

AND NOW, comes the Plaintiff, Elizabeth Bator, by and through her attorneys,

Comitz Law Firm, LLC, and hereby complains against the Defendants, Microtel Inn and

Suites By Wyndham, and Microtel Inn and Suites by Keyser, as follows:

1.     Plaintiff, Elizabeth Bator ("Elizabeth"), is an adult individual residing at 295

Parsonage Street, Hughestown, Luzerne County, Pennsylvania.

2.     Defendant, Microtel Inn and Suites by Wyndham ("Microtel"), is a business,

organized and existing under the laws of the state of New Jersey, with a principle place of business located at 22 Sylvan Way, Parsippany, New Jersey, 07054.

3.     Defendant, Microtel Inn and Suites by Keyser ("the Hotel") is a business, organized and existing under the laws of the state of West Virginia, with a principle place of business located at 70 N Tornado Way, Keyser, West Virginia, 26726.

4.     Upon information and belief, and at all times relevant hereto, Microtel owned, operated, maintained, controlled and/or otherwise was responsible for the Hotel.

5.     Venue is proper in this Court pursuant to Pa. R.C.P. 2179(a)(2) because the Defendants do business within the jurisdiction of Luzerne County, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

6.     On or around Friday, January 25, 2019, at around 5:00 p.m., Elizabeth and her family arrived at the Hotel and began staying there for the weekend as guests.

7.     Thereafter, on the morning of Sunday, January 27, 2019, Elizabeth exited the Hotel and began proceeding toward the Hotel's parking lot where Elizabeth's car was parked.

8.     Upon information and belief, Elizabeth had to put her luggage in her car.

9.     As Elizabeth was opening the trunk of her vehicle so that she can load her luggage, she was caused to slip and fall on a patch of ice that was located on the ground by her vehicle, which was on the premises of the hotel.

10.     Elizabeth's slip and fall was a direct result of the patch of ice that was located in the parking lot area of the Hotel directly near Elizabeth's vehicle.

11.    At all relevant times hereto, Elizabeth was a business invitee entitled to the highest degree of protection under the law.

12.    At the aforesaid time and place, there existed a dangerous condition that created a reasonably foreseeable risk that an invitee like Elizabeth would be caused to slip and fall and sustain injury, especially considering the frequency with which the area that caused Elizabeth's slip and fall is used.

13.    At all times material hereto, the Defendants, their servants and/or employees, were obligated to prevent a dangerous condition, which was likely to cause injury to persons lawfully on their property.

14.    Defendants knew or should have known that the area where Elizabeth fell created an unreasonable risk of harm to anyone walking in that area.

15.    At all times relevant hereto, Elizabeth was traversing the area in which she fell in a careful and prudent manner and was in no way, whatsoever, responsible for her accident, injuries or damages.

16.    At all times relevant hereto, the Defendants, their agents, servants, and/or employees, were obligated to shovel, sand, salt or otherwise prevent a dangerous accumulation of ice, which was likely to cause injury to pedestrians lawfully using the parking lot area of the Hotel.

17.    Upon information and belief, Defendants knew, or, in the existence of reasonable care should have known, of the condition, or Defendants created the condition either through the acts of their employees, in their negligent maintenance of equipment, or

in their negligent method of operation, and Defendants should have corrected the condition or warned Elizabeth of its existence.

18.     Elizabeth's fall was with great force, the result of which caused her to suffer various, serious, severe and permanent injuries that are described more fully herein.

19.     Elizabeth's current injuries and symptoms are a direct result of the fall, which is the subject matter of this complaint.

## COUNT I – NEGLIGENCE
## ELIZABETH BATOR V. ALL DEFENDANTS

20.     Elizabeth incorporates by reference the allegations set forth in paragraphs 1 through 19, above, as though fully set forth herein at length.

21.     The aforesaid accident and resulting injuries and damages sustained by Elizabeth were caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of the Defendants herein, their agents, servants, and/or employees, which consisted of but is not limited to the following:

      a.     causing or permitting ice ridges to accumulate so as to create a hazardous condition on its public areas and parking lot, specifically near the parking lot area of the Hotel where Elizabeth fell;

      b.     failing to properly and adequately inspect, discover and make safe the area in which Elizabeth fell;

      c.     failing to recognize and / or remedy a dangerous condition of the area in which Elizabeth fell, which constituted a hazard for persons lawfully upon said area, including Elizabeth;

      d.     failing to warn of a dangerous condition present where Elizabeth fell;

      e.     permitting business invitees, such as Elizabeth, to walk in an area where ice ridges had accumulated;

f.   failing to take all measures necessary under the circumstances then and there existing to protect business invitees lawfully upon the area in which Elizabeth fell from a foreseeable risk of injury;

g.   failing to properly and adequately delineate or mark the area containing the slippery surface where Elizabeth fell so as to make it safe and conspicuous for people walking upon same;

h.   failing to exercise reasonable care to discover the dangerous condition of the icy and wet surface on the property involved herein;

i.   such other negligence and liability producing conduct arising from the circumstances herein, i.e., failing to inspect, monitor, discover and remedy the dangerous condition existing on the area in which Elizabeth fell; and

j.   failing to warn Elizabeth and other business invitees of the hazardous conditions then and there existing.

22.   As a direct and proximate result of the carelessness and negligence of the Defendants, their agents, servants, ostensible agents, independent contractors and/or employees, Elizabeth was caused to suffer the following severe and disabling injuries:

a.   Right MCL Sprain;

b.   Right LCL Sprain;

c.   Right ACL Tear;

d.   Right Lateral Femoral Condylopatellar Sulcus Osteochondral Fracture;

e.   Left ACL Tear;

f.   Right Meniscus Tear;

g.   Left Meniscus Tear; and

h.   Extreme pain and suffering.

23.    As a direct and proximate result of the carelessness and negligence of the Defendants, their agents, servants, ostensible agents, independent contractors, and/or employees, Elizabeth has suffered and will continue to suffer, in the future, agonizing aches, pains, embarrassment and limitations of her usual activities, pursuits and pleasures.

24.    As a direct result of the injuries sustained, Elizabeth claims damages for pecuniary losses, and seeks reimbursement for past, present and future medical expenses, and demand is made herein.

25.    As a direct result of the injuries sustained, Elizabeth has suffered a loss of earning and impairment of earning capacity to her great detriment and loss.

WHEREFORE, Plaintiff, Elizabeth Bator, demands judgment in her favor and against the Defendants a sum in excess of fifty thousand ($50,000) dollars in damages, with interests and costs, and such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

COMITZ LAW FIRM, LLC

BY: _____

JONATHAN S. COMITZ
PA Bar Identification No.: 90914
jcomitz@comitzlaw.com

_____

JEREMY R. WEINSTOCK
PA Bar Identification No.: 319120
jweinstock@comitzlaw.com

## VERIFICATION

I, Elizabeth Bator, hereby aver and state that I have read the foregoing document which has been drafted by my counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of my counsel, and, to the extent that the content of the foregoing document is that of my counsel, I have relied upon my counsel in making this Verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

_____
Elizabeth Bator

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____Petitioner_____

Signature: _____

Name: _____Jonathan S. Comitz_____

Attorney No. (if applicable): _____90914_____