IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH BATOR,<br>**Plaintiff** | No. 3:19cv1959 |
| v. | (Judge Munley) |
| MESSENGER HOSPITALITY, LLC<br>d/b/a MICROTEL INN &<br>SUITES BY KEYSER,<br>**Defendant** | |

## MEMORANDUM

Before the court for disposition is the motion for summary judgment filed by Defendant Messenger Hospitality, LLC d/b/a Microtel Inn & Suites by Keyser (hereinafter "defendant") in this case involving a slip and fall at the Microtel Inn and Suites in Keyser, West Virginia. The parties have briefed their respective positions and, and the motion is ripe for disposition.[1]

**Facts**[2]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[2] These background facts are generally agreed to between the parties and are presented without citation to the record. Citations to the record are provided below for disputed facts.

Plaintiff, a resident of Hughestown, Luzerne County, Pennsylvania, checked into the Microtel Inn & Suites Hotel in Keyser, West Virginia on Friday January 25, 2019. She planned to stay at the hotel for a weekend to attend a funeral.

On Sunday January 27, 2019, plaintiff began the process of packing her car to leave the hotel. She took her luggage to the trunk of the car, and as she opened the trunk, she fell due to a patch of ice in the parking lot. As a result of the fall, plaintiff alleges that she suffered personal injury including injury to both her right and left knee which required several surgeries.[3] (Doc. 1, foll. Notice of Removal, Complaint ¶ 22 (hereinafter "Compl.")).

Subsequently, plaintiff commenced this action to recover damages from the hotel for her injuries. She filed her complaint in the Luzerne County Court of Common Pleas, on October 17, 2019, and the defendants removed the case to federal court on November 14, 2019. (Doc. 1). The complaint contains one count, negligence. (Compl. ¶¶ 20-25). Plaintiff seeks to recover damages for the following: 1) past, present and future medical expenses; 2) a loss of earning

---

[3] Specifically, plaintiff alleges the following injuries: right MCL sprain, right LCL sprain, a right ACL tear, right lateral femoral condylopatellar sulcus osteochondral fracture, left ACL tear, right meniscus tear, and left meniscus tear. (Compl. ¶ 22).

2

capacity; and 3) pain, embarrassment, and limitations of her usual activities, pursuits and pleasures. (Id. ¶¶ 22-25). At the close of discovery, defendant moved for summary judgment, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Elizabeth Bator is a citizen of Hughestown, Pennsylvania. (Doc. 1, Not. of Rem. at ¶ 1). Defendant Messinger Hospitality, LLC, d/b/a Microtel Inn and Suites by Keyser is a citizen of and is incorporated under the laws of the State of West Virginia with its principal place of business in Keyser, West Virginia. (Doc. 1, Compl. foll. Not. of Rem. at ¶ 3). Additionally, the amount in controversy exceeds $75,000. (Doc. 1, Not. of Rem. at ¶ 3).

Since complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

**Legal Standard**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In deciding a summary judgment motion, the court examines the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, Corp., 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Discussion

Defendant's motion for summary judgment raises several issues, including a conflict of laws issue and whether the facts of plaintiff's case can support a negligence claim against the hotel for her injuries. The court will address each issue in turn.

**1.    Conflict of laws**

The incident at issue in the instant case took place in West Virginia, and the plaintiff resides in Pennsylvania. The first issue that the parties dispute is a conflict of laws issue, that is, whether the substantive law of Pennsylvania or West Virginia controls. As a United States District Court sitting in diversity, the court must apply the law of the state where it sits, Pennsylvania, to determine this

conflict of law issue. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941).

The first step in a conflict of law analysis under Pennsylvania law is to determine whether an actual conflict exists in the laws of the two states. McDonald v. Whitewater Challengers, Inc., 116 A.3d 99, 106 (Pa. Super. Ct. 2015). An actual conflict is present if relevant differences exist between the laws. Id. Where no actual conflict exists between the laws of Pennsylvania and another state on the relevant issues, any interest that the other state might have in applying its law is rendered moot. See Commonwealth v. Eichinger, 915 A.2d 1122, 1134 (Pa. 2007).

Thus, the court must first compare West Virginia premises liability law with Pennsylvania premises liability law. The parties evidently agree that the law of West Virginia and Pennsylvania conflict on the issue of premises liability presented by this case and do not address this issue in their briefs. For the purposes of completeness, we provide the following short discussion.

A West Virginia statute specifically limits civil liability of a possessor of real property such as defendant. See W.Va. Code § 55-7-28. This statute provides that, in negligence actions, a property owner owes no duty of care to persons for open and obvious dangers. Specifically, the statute reads as follows:

6

> [a] possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55-7-28(a).

Pennsylvania law, on the other hand, does not include such a statute limiting liability for the possessor of real property. Rather, Pennsylvania generally follows the Restatement (Second) of Torts. Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1271 (Pa. 2006) (indicating that Pennsylvania law regarding a landowner's duty to a business invitee comes from Section 343 of the Restatement (Second) of Torts). Under Pennsylvania law, the duty a landowner owes to an entrant upon its land depends on that entrant's status as an invitee, a licensee, or a trespasser. Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). Here, plaintiff's status is that of a business invitee, that is a person entitled or permitted to enter the property of another for a purpose directly or indirectly connected with business dealings between the two. Lonsdale v. Joseph Home Co., 587 A.2d 810, 813 n.2 (Pa. Super. Ct. 1991). The Restatement provides that a possessor of land is subject to liability for harm suffered by invitees due to a condition on the land if, the possessor:

7

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (Am. L. Inst. 1965).

Thus, a plain reading of the law reveals that the law of Pennsylvania and West Virginia conflict on the issue of premises liability. The West Virginia law appears more stringent in protecting premises owners from liability than Pennsylvania law.

Once a conflict has been found between the laws of the two jurisdictions, the court must determine which place has the most interest in the case and is most concerned with the outcome. To make this determination, the following four factors are considered:   1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and 4) the place where the relationship, if any, between the parties is centered. <u>Marks v. Redner's Warehouse Mkts.</u>, 136 A.3d 984, 988 (Pa. Super. Ct. 2016) (citing Restatement (Second) Conflict of Laws § 145 (1983)).

In evaluating these factors, the court takes into account the principles set forth in § 6 of the Restatement (Second) Conflict of Laws. These principles are:

8

(a) the needs of interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of the other interested states and the relevant interest of those states in determination of a particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability and uniformity of result; and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) Conflict of Laws § 6 (1983).

Here, the incident leading to plaintiff's injury occurred in West Virginia and the conduct allegedly causing the injury, i.e., defendant's negligence, occurred in West Virginia. As discussed in the jurisdiction section above, plaintiff is a citizen of Pennsylvania, and the defendant is a resident of West Virginia. The relationship between the parties is centered on West Virginia as that is where the hotel is located where plaintiff was allegedly injured.

An analysis of these factors and relevant Pennsylvania case law reveals that West Virginia law should apply to plaintiff's negligence claim. The Pennsylvania Superior Court has held that Pennsylvania "has an important interest in protecting the welfare of its citizens" but where an injury occurs in an

9

out-of-state hotel, that interest is outweighed by the other state's "interest in regulating the conduct and prescribing the liability of hotel owners within its jurisdiction. Levin v. Desert Palace, Inc., 465 A.2d 1019, 1021 (Pa. Super. Ct. 1983). A hotel owner relies on the laws of the state in which the hotel is located to determine the standard of conduct required of him. It could not be expected that a hotel should comply with the laws of all the states of which its guests are citizen." Id.

This determination is in line with the Restatement which in such cases favors the law of the state where the injury occurred. Restatement (Second) of Conflict of Laws § 146. Accordingly, the court will apply West Virginia law to plaintiff's negligence claim. See also Heichel v. Marriott Hotel Servs. Inc., 2019 WL 318256 (E.D. Pa. Jan. 24, 2019) (applying Washington D.C. law in a tort action brought by a Pennsylvania plaintiff injured in a slip and fall at a Washington D.C. hotel).

### 2. Negligence

As noted above, plaintiff's complaint consists of one cause of action, negligence. Under West Virginia law a possessor of real property, such as the defendant, "owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are

to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers." W. Va. Code § 55-7-28(a).

Defendant moves for summary judgment on the basis that the icy condition of the parking area where plaintiff fell was open and obvious and thus they owed no duty of care to protect the plaintiff. In support of its position, the defendant cites to plaintiff's deposition, which it claims establishes that plaintiff observed the ice that she ultimately fell on before the fall occurred. A review of plaintiff's deposition, however, reveals that the issue is not as clear as the defendant alleges.

Regarding the fall, plaintiff details seeing ice, but also seeing a spot of pavement upon which she could step to avoid the ice. Specifically, she testified as follows at her deposition:

> I went and put the bags in the car. I had - - I had two suitcases with me. I had - - one fell. And then I was getting my keys because I had a zip-up jacket and I put - - I had my keys in there, and I went and put the - - you know, I went to go pick up the bag because it fell.
> I stepped up forward to on the black part of the ice. Like before there was ice there was a black part that I stepped on. And I went to go open up the trunk, and then I moved my right foot and then I fell.

(Doc. 38-1, Pl.'s Dep. at 23).

Plaintiff further explained that by "black part" she meant pavement. (Id.) She saw ice, but she also saw a place where she could put her foot, the

11

pavement, which she evidently felt had no ice on it. (Id. at 24). She further testified: "I stepped in an area that was pavement. And then I had my - - kind of my legs separate, so I put - - I put my right foot out so I could step on the black part, on the pavement to get to the car. And then I pull up the car - - the back of the trunk, and then that's when I moved my right foot, and I fell." (Id. at 24-25).

Defendant points out numerous other places in the plaintiff's deposition where she states that she saw ice on the ground. In viewing the facts in the light most favorable to the plaintiff, however, it is arguable based on her deposition, that she did not see any ice on the pavement where she placed her foot before falling. In fact, it can be inferred she stepped on that particular spot to avoid the ice. Evidently, although the pavement looked clear, there may have been ice that was not visible to the naked eye and thus not open and obvious. The Supreme Court of West Virginia has held that "under West Virginia Code § 55-7-28(a), whether a danger was open, obvious, reasonably apparent or as well known to the person injured as it was to the owner or occupant is a question of fact." Gable v. Gable, 858 S.E.2d 838, 854 (W. Va. 2021).[4] Thus, here, although it is without doubt from the plaintiff's deposition that she saw ice, it is a question

---

[4] Although Gable dealt with a motion to dismiss, the court finds its reasoning equally applicable to a motion for summary judgment where the facts are at issue.

12

of fact as to whether she saw the particular ice which caused her fall, and whether that ice was in fact open and obvious.

Because defendant premises its motion for summary judgment on the basis that the ice plaintiff fell on was open and obvious, and we have found, based on plaintiff's deposition, that this is a question of fact, defendant's motion for summary judgment will be denied.

## Conclusion

For the foregoing reasons, we find a conflict of laws in the instant case. The law of West Virginia shall apply to the plaintiff's substantive negligence claim. Based on the substantive law of West Virginia and federal procedural law, the defendant's motion for summary judgment will be denied. An appropriate order follows.

Date: 12-11-23

JUDGE JULIA K. MUNLEY
United States District Court