**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH BATOR, | : | No. 3:19cv1959 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| MESSENGER HOSPITALITY, LLC | : | |
| d/b/a MICROTEL INN & | : | |
| SUITES BY KEYSER, | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the supplemental motion for reconsideration filed by Defendant Messenger Hospitality, LLC d/b/a Microtel Inn & Suites by Keyser (hereinafter "defendant") in this case involving a slip and fall at the Microtel Inn and Suites in Keyser, West Virginia.  The parties have briefed their respective positions and, and the motion is ripe for disposition.

**Facts**[1]

On Friday, January 25, 2019, Plaintiff Elizabeth Bator, a resident of Hughestown, Luzerne County, Pennsylvania, checked into the Microtel Inn & Suites Hotel in Keyser, West Virginia.  She planned to stay at the hotel for a weekend to attend a funeral.

---

[1] The parties generally agree to these background facts, and they are presented without citation to the record.  Citations to the record are provided below for disputed facts.

On Sunday, January 27, 2019, plaintiff began the process of packing her car to leave the hotel.  She took her luggage to the trunk of the car, and as she opened the trunk, she fell due to a patch of ice in the parking lot.  As a result of the fall, plaintiff alleges that she suffered personal injury including injury to both her right and left knee which required several surgeries.[2]  (Doc. 1, foll. Notice of Removal, Compl. ¶ 22 (hereinafter "Compl.")).

Subsequently, plaintiff commenced this action to recover damages from the hotel for her injuries.  She filed her complaint in the Luzerne County Court of Common Pleas, on October 17, 2019, and the defendant removed the case to federal court on November 14, 2019.  (Doc. 1).  The complaint contains one count, negligence.  (Compl. ¶¶ 20-25).  Plaintiff seeks to recover damages for the following:  1) past, present and future medical expenses; 2) a loss of earning capacity; and 3) pain, embarrassment, and limitations of her usual activities, pursuits and pleasures.  (Id. ¶¶ 22-25).   At the close of discovery, defendant moved for summary judgment.  The court denied the motion for summary judgment on December 12, 2023.  (Docs. 45, 46).

_____

[2] Specifically, plaintiff alleges the following injuries:  right MCL sprain, right LCL sprain, a right ACL tear, right lateral femoral condylopatellar sulcus osteochondral fracture, left ACL tear, right meniscus tear, and left meniscus tear. (Compl. ¶ 22).

2

Defendant moved for reconsideration of the summary judgment denial on December 21, 2023. (Doc. 47).  The court denied the motion for reconsideration on December 27, 2023, and scheduled a pretrial conference.  (Docs. 49, 50).  On April 2, 2024, the court held a pretrial conference.  At the pretrial conference, defendant presented photographic and video evidence that had not been presented in connection with the motion for summary judgment.  On April 19, 2024, the defendant filed a supplemental motion for reconsideration of the court's summary judgment decision and filed as of record the evidence presented at the pretrial conference.  (Doc. 62).[3]  That motion has been briefed and is ripe for consideration.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Elizabeth Bator is a citizen of Hughestown, Pennsylvania.  (Doc. 1, Not. of Rem. at ¶ 1).  Defendant Messinger Hospitality, LLC, d/b/a Microtel Inn and Suites by Keyser is a citizen of and is incorporated under the laws of the State of  West Virginia with its principal place of business in Keyser, West

_____

[3] As discussed more fully below, one of the additional pieces of evidence is a video file which defense counsel emailed to the court and opposing counsel.

Virginia.  (Doc. 1, Compl. foll. Not. of Rem. at ¶ 3).  Additionally, the amount in controversy exceeds $75,000.  (Doc. 1, Not. of Rem. at ¶ 3).

Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

**Legal Standard**

Defendant has filed a supplemental motion for reconsideration of the court's summary judgment decision.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or

4

to prevent manifest injustice. <u>Max's Seafood Cafe</u>, 176 F.3d at 677.  A motion

for reconsideration is not a proper vehicle to merely attempt to convince the court

to rethink a decision it has already made. <u>Glendon Energy Co. v. Borough of</u>

<u>Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

 Granting summary judgment is proper "'if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.'" <u>See</u> <u>Knabe v. Boury</u>

<u>Corp.</u>, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his

standard provides that the mere existence of <u>some</u> alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u>

fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in

original).

 In deciding a summary judgment motion, the court examines the facts in

the light most favorable to the party opposing the motion. <u>Int'l Raw Materials,</u>

<u>Ltd. v. Stauffer Chem. Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on

the moving party to demonstrate that the evidence is such that a reasonable jury

could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248.

5

A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, Corp., 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Defendant's original motion for summary judgment raised several issues, including a conflict of laws issue and whether the undisputed facts can support plaintiff's negligence claim against the hotel for her injuries.

The conflict of laws issue involved whether the law where the accident took place, West Virginia, or the law of the plaintiff's domicile applies to the dispute. The court ruled that the law of West Virginia applies.  (Doc. 45, Memo. of Dec. 12, 2023 at 10).  The defendant does not seek a reconsideration of this decision.

6

The next issue decided by the summary judgment ruling dealt with whether plaintiff could maintain a negligence action against the defendant.   Under West Virginia law, a plaintiff must establish the following to prevail in a negligence action:  1) a duty owed to the plaintiff from the defendant; 2) a negligent breach of that duty; and 3) injury to the plaintiff proximately caused by the breach of the duty.  Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). Defendant argued that plaintiff could not establish that it owed a duty of care to the plaintiff.

A West Virginia statute specifically limits civil liability of a possessor of real property such as defendant.  See W.Va. Code § 55-7-28.  This statute provides that, in negligence actions, a property owner owes no duty of care to persons for open and obvious dangers.  Specifically, the statute reads as follows:

> [a] possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55-7-28(a).

Defendant moved for summary judgment on the basis that the icy condition of the parking area where plaintiff fell was open and obvious, and thus it owed no duty of care to protect the plaintiff.  In support of its position, the defendant cited

7

to plaintiff's deposition, which it claims establishes that plaintiff observed the ice that she ultimately fell on before the fall occurred.  The court, in ruling on the motion for summary judgment, reviewed the plaintiff's deposition, and although it was not without doubt, the court viewed the facts in the light most favorable to the plaintiff and concluded that it is arguable based on her deposition, that she did not see any ice on the pavement where she placed her foot before falling. (See 45, Court's Memo. of Dec. 12, 2023).

In support of the motion for summary judgment the defendant did not present any photographs or videos.  The only evidence defendant presented was the plaintiff's deposition. (See Doc. 38, Mot. for Summ. Judg. and the Exhibits attached thereto).

At the pretrial conference, however, the defendant presented video and photographic evidence for the first time to the court. This evidence reveals that the danger confronted by the plaintiff, that is the ice, was indeed open, obvious, and reasonably apparent.  The photographs show a large build-up of ice behind the plaintiff's car where she was located when she slipped and fell.  The ice is

clearly visible and obvious.  (Doc. 62-1, Doc. 62-2).  The video[4] shows the

plaintiff standing on this obvious build-up of ice as she opens her trunk and falls.

Because the danger was open and obvious, defendant owed no duty of

care to plaintiff under the applicable West Virginia law.  As defendant owed no

duty of care to the plaintiff, plaintiff cannot prevail on her negligence claim.  See

Wheeling Park Comm'n v. Dattoli, 787 S.E.2d at 551.  Accordingly, judgment in

favor of the defendant is appropriate.  Based upon the evidence, which is new to

the court, to prevent injustice, and to prevent the waste of judicial resources that

would be caused by holding a trial in which no reasonable jury would be able to

find in favor the plaintiff, the court will grant the defendant's supplemental motion

for reconsideration and grant summary judgment in its favor.

**Conclusion**

For the foregoing reasons, the defendant's supplemental motion for

reconsideration will be granted.  The court finds that the ice plaintiff fell upon was

open and obvious.  Thus, under W. Va. Code § 55-7-28(a), the defendant owed

---

[4] Defense counsel presented the video to the court at the pretrial conference on his computer. In conjunction with the supplemental motion for reconsideration, counsel emailed the video to the court and opposing counsel on April 19, 2024.  Such video files cannot be docketed through the court's filing system.   Accordingly, defense counsel is instructed to provide the video to the court on a thumb drive or some other physical media so that it can be placed in the Clerk of Court's file.

no duty of care to the plaintiff, and plaintiff cannot maintain a negligence action against defendant.  The court's previous order denying defendant's motion for summary judgment will be vacated, and summary judgment will be granted to the defendant.  An appropriate order follows.


Date: ___4/26/24___


JUDGE JULIA K. MUNLEY
United States District Court

10